**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HUDSON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00665-SEH-SH |
| | ) | |
| REGENT BANK and MATTHEW B. | ) | |
| GIBSON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Hudson Insurance Company's motion to compel Defendants' responses to written discovery.  Hudson asserts that Defendants have utterly failed to respond to their requests.  Defendants have now failed to respond to Hudson's motion to compel by July 9, 2026, as required by local rule. *See* LCvR 37-2(e).  As a result, the Court may deem Hudson's motion confessed.

In any event, the Court has reviewed Hudson's motion and supporting documentation and finds that an order compelling production is appropriate.  According to Hudson and without any contradiction from Defendants, Hudson served its first discovery requests to each Defendant on March 24, 2026.  (Dkt. No. 29 at 2; Dkt. No. 29-1 at 19; Dkt. No. 29-2 at 16.)  When neither Defendant responded within 30 days, the parties conferred and agreed to an extended deadline of May 27, 2026.  (Dkt. No. 29 at 2–3.) Defendants did not meet this deadline.  (*Id.* at 3.)  The parties then conferred again, and they agreed to a new deadline of June 25, 2026, at noon.  (*Id.*)  This deadline again passed with no discovery responses.  (*Id.*)

Under the federal rules, Hudson is entitled to a motion to compel answers to its interrogatories and the production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

Defendants have not shown good cause for their failure to submit timely objections to the interrogatories, and any such objections are waived. *See* Fed. R. Civ. P. 33(b)(4). Objections to requests for production are not automatically waived by an untimely response. *See Logisys, Inc. v. Williams*, No. 20-CV-00559-GKF-SH, 2022 WL 3573209, at *2 (N.D. Okla. Aug. 19, 2022). However, in certain circumstances, a waiver of objections may be imposed as a sanction, or they may be agreed to by the parties. Here, it appears the parties may have agreed that Defendants waived their objections to the requests for production. (Dkt. No. 29 at 3.) The Court will order Defendants to answer the interrogatories without objections and respond to the requests for production pursuant to the parties' agreement.[1]

Hudson also seeks an award of reasonable expenses, including attorney fees. Defendants have been given an opportunity to be heard on Hudson's motion, but they have declined to respond. The Court finds that Hudson attempted in good faith to obtain the discovery without court action and that Defendants' failure to respond was not substantially justified. The Court, therefore, must award Hudson its reasonable expenses incurred in making the motion to compel, unless other circumstances would make an award of expenses unjust. *See* Fed. R. Civ. p. 37(a)(5)(A). The Court will provide Hudson an opportunity to file its motion for such expenses (including attorney fees). Defendants will have an opportunity to respond to the amounts sought by such motion and to present any circumstances that would make the award of such expenses unjust.

---

[1] As Hudson notes, there is no reason to "compel" responses to the requests for admission, because such requests are deemed admitted if not answered or objected to within the appropriate time period. *See* Fed. R. Civ. P. 36(a)(3). Such admissions are self-executing, and it is the responsibility of the deemed-admitted party to file a motion to withdraw or amend. *See, e.g., Logisys*, 2022 WL 3573209, at *1–2 (collecting cases).

IT IS THEREFORE ORDERED that *Hudson Insurance Company's Motion to Compel Defendants to Provide Responses to Hudson's First Set of Discovery Requests* (Dkt. No. 29) is GRANTED.  By July 22, 2026, Defendant Regent Bank shall answer the interrogatories and respond to the requests for production contained in *Hudson Insurance Company's First Set of Discovery Requests to Defendant Regent Bank* (Dkt. No. 29-1).  By July 22, 2026, Defendant Matthew B. Gibson shall answer the interrogatories and respond to the requests for production contained in *Hudson Insurance Company's First Set of Discovery Requests to Defendant Matthew B. Gibson* (Dkt. No. 29-2).  No objections to the interrogatories will be allowed.  Any objections to the requests for production shall be governed by the parties' prior agreement.  Plaintiff Hudson Insurance Company may file a motion for the reasonable expenses incurred in bringing its motion to compel by July 29, 2026.  Defendants may respond to that motion within the time allowed by the local rules.

ORDERED this 15th day of July, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT